IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| SHARON KELLEY, | ) | |
| | ) | Case No. 4:04CV00083 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| LITTLE CHARLIE'S AUTO | ) | |
| SALES/CHARLIE ROYSTER., | ) | By: Jackson L. Kiser |
| | ) | Senior United States District Judge |
| Defendant. | ) | |
| | ) | |
| | ) | |

Before me now is Defendant Little Charlie's Auto Sales/Charlie Royster's ("Defendant") Fed. R. Civ. P. Rule 59 Motion for New Trial and Fed. R. Civ. P. Rule 50(b) Renewed Motion for Judgment as a Matter of Law. Defendant and Plaintiff Sharon Kelley ("Plaintiff") have briefed the issues and have informed this Court that oral argument is not necessary to the disposition of these motions. Therefore, the motions are ripe for decision. For the reasons stated herein, both of Defendant's motions will be **DENIED**.

## I. PROCEDURAL HISTORY

Plaintiff filed suit against Defendant in this Court on October 25, 2004. After two continuances and a failed attempt at mediation before Magistrate Judge Urbanski, a jury trial was held on February 21-22, 2006. Defendant made a motion for a judgment as a matter of law at the close of Plaintiff's evidence and at the close of all the evidence. Both of these motions were denied. Defendant also timely objected to one jury instruction and proposed another instruction which this Court rejected. The jury returned a verdict for Plaintiff, finding that Defendant had violated the Virginia Consumer Protection Act ("VCPA"), Va. Code § 59.1-196 *et seq*. and had

1

committed actual fraud under Virginia law. The jury awarded Plaintiff $5,908.50 for the VCPA violation and $1,969.50 for Defendant's actual fraud. No punitive damages were awarded. On March 8, 2006, Defendant filed the above-referenced motions. Plaintiff filed briefs in opposition to these motions on March 10, 2006.

## II. LEGAL STANDARD

### A. *New Trial*

Rule 59(a) of the Federal Rules of Civil Procedure gives the losing party the legal right to bring a new trial motion before this Court. In pertinent part, Rule 59(a) states:

> A new trial may be granted to all or any of the parties and on all or part of the issues [] in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States.

Typically, new trial motions are brought because the losing party believes that the verdict was against the weight of the evidence or that the verdict was excessive. In this case, however, Defendant argues that a new trial should be granted because the instructions this Court gave the jury were improper and incomplete. "[A] new trial may properly be granted where instructions are conflicting, contradictory, confusing, or misleading, or where they are not warranted by the evidence." 58 Am. Jur. 2D *New Trial* § 276.

### B. *Renewed Motion for Judgment as a Matter of Law*

Rule 50 of the Federal Rules of Civil Procedure states that when "there [was] no legally sufficient evidentiary basis for a reasonable jury to find for [the non-moving party],...the court may determine the issue against [the non-moving party]." In cases such as the instant case where the jury returns a verdict, the court may "allow a judgment to stand, order a new trial, or direct entry of judgment as a matter of law" in favor of the moving party. In deciding a new trial

2

motion, the judge has a duty to weigh the evidence and the credibility of the witnesses in considering whether "the verdict was against the clear weight of the evidence and is unfair," *Gill v. Rollins Protective Services Co.*, 773 F.2d 592, 595 (4th Cir. 1985). By contrast, in considering a renewed motion for judgment as a matter of law,

> the trial court must consider the record as a whole and in the light most favorable to the party opposed to the motion. If there is substantial evidence opposed to the motion, that is, evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment could reasonably return a verdict for the nonmoving party, the motion[] should be denied. *Id.*, at 594.

It is therefore much more difficult to prevail on a motion for renewed judgment as a matter of law as compared to a motion for new trial.

### III. DISCUSSION

#### A. *Motion for New Trial*

Defendant advances two arguments in support of his new trial motion. First, Defendant argues that this Court improperly instructed the jury on the burden of proof on the VCPA claim. Second, that this Court failed to instruct the jury that Plaintiff had a duty to investigate any possible misrepresentation made to her by Defendant. For the reasons that follow, I find neither argument persuasive.

Defendant asserts that the proper burden of proof in a VCPA claim is the "clear and convincing" standard and not the "preponderance of the evidence" standard which with this Court charged the jury. In support of this argument, Defendant states that in Virginia all claims of fraud must be proved by clear and convincing evidence. While a review of the relevant case law suggests that the burden of proof under the VCPA is still an open question, two facts convince me that the jury in this case was properly charged. First, the VCPA states that it "shall

3

Case 4:04-cv-00083-JLK-mfu    Document 48    Filed 04/21/06    Page 3 of 6    Pageid#: 180

be applied as remedial legislation to promote fair and ethical standards of dealings between suppliers and the consuming public." Va. Code § 59.1-197. It is difficult to believe that the Virginia Legislature would enact remedial legislation aimed at protecting consumers and, at the same time, implicitly require those consumers to prove their case by the heightened clear and convincing standard.

Second, even if fraud under the VCPA must be proved by clear and convincing evidence, the error is harmless because the jury found that Defendant had committed actual fraud on the exact same facts as it found the violation of the VCPA. In Paragraph Three of the jury instructions which dealt with the VCPA claim, the jury found "by a preponderance of the evidence that the defendant's deception, fraud, false pretense, false promise, or misrepresentation was willful." In Paragraph Six, which dealt with the actual fraud claim, the jury found "by clear and convincing evidence that the defendant intentionally and knowingly misrepresented a material fact with the intent to mislead" Plaintiff. Because the same facts encompassed both the VCPA and actual fraud counts, it is difficult to believe that the jury, had they been so instructed, would not have found by clear and convincing evidence that Defendant violated the VCPA. Thus, while I believe that the appropriate burden of proof was used in this case, even if it is was not, the error was harmless.

Defendant's second ground for a new trial is that the jury should have been instructed that Plaintiff had a duty to investigate any possible misrepresentation made to her by Defendant. The long-standing rule in Virginia is that "one to whom a representation has been made is entitled to rely on it...and need make no further inquiry." *Cerriglio v. Pettit*, 75 S.E. 303, 308 (Va. 1912)(citations omitted). Defendant argues that this general does not apply because the

4

evidence submitted at trial showed that a reasonable person would have questioned whether the true miles of the used truck were unknown or whether it was in excess of mechanical limits. This argument ignores the large amounts of evidence showing how Defendant concealed his knowledge of the used truck's mileage and how it had been used prior to its sale to Plaintiff. Specifically, this occurred when Defendant told Plaintiff that the truck had "low mileage" because it had been sitting in a barn for some time. There was evidence put forth at trial that discredited this statement and that Defendant knew it was false when he made it. Plaintiff was entitled to rely on Defendant's statements and did not have reason to believe he was lying. The evidence did not support Defendant's proposed instruction, therefore Defendant's second argument in support of his new trial motion must be **DENIED** as well.

      *B.*      *Renewed Motion for Judgment as a Matter of Law*

Defendant argues that the evidence was insufficient on both the VCPA and actual fraud claims and, as such, I should enter judgment as a matter of law for Defendant. In support of his motion, Defendant states that there was no legally sufficient actual misrepresentation of fact made by him to Plaintiff. That is, that Defendant's statement of the used truck having "low mileage" was mere puffery and not an expression of fact upon which Plaintiff could have relied. The major flaw in Defendant's argument is that he states that an actual misrepresentation of fact is required to prove fraud. Fraud may also occur when one party conceals a material fact from another. The rationale for this is that such nondisclosure "may evince an intent to practice actual fraud." *Spence v. Griffin*, 236 Va. 21, 28 (1988). In this case, there was substantial evidence that a reasonable jury could have relied upon in returning a verdict on both counts for Plaintiff. The most obvious example of this is that there was substantial evidence put forth by Plaintiff that

5

Defendant knew that the used truck had 185,000 miles on it well before he sold it to Plaintiff. There was also substantial evidence submitted by Plaintiff that Defendant never made Plaintiff aware of this and, instead, told her that the truck had been sitting in a barn for a long period of time. A reasonable jury could, and did, believe that this evidence showed that Defendant knowingly concealed a material fact from Plaintiff. This evidence alone supports the jury's verdict. As a result, Defendant's argument that he merely engaged in trade talk when he stated that it was a "low mileage" truck, is irrelevant. Even if Defendant did merely state his opinion that the truck was of low mileage, there is substantial evidence in the record to support the jury's conclusion that Defendant committed fraud by concealing material facts from Plaintiff. Therefore, Defendant's renewed motion for judgment as a matter of law must also be **DENIED**.

## IV. CONCLUSION

For the reasons stated above, Defendant's Motion for New Trial and Motion for Renewed Judgment as a Matter of Law will both be **DENIED**.

The Clerk is directed to send a certified copy of this Memorandum Opinion and the attached Order to all counsel of record. The Clerk is further directed to strike this matter and all outstanding motions from the Court's docket.

ENTERED this 21st day of April, 2006.

s/Jackson L. Kiser
Senior United States District Judge