IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| SHARON KELLEY, | ) | |
| | ) | Case No. 4:04CV00083 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| LITTLE CHARLIE'S AUTO SALES/ | ) | |
| CHARLIE ROYSTER, | ) | By: Jackson L. Kiser |
| | ) | Senior United States District Judge |
| Defendants. | ) | |

Before me now is Plaintiff Sharon Kelley's ("Plaintiff") Motion for Attorney's Fees and Taxation of Costs. Defendants Little Charlie's Auto Sales and Charlie Royster ("collectively Defendants") have objected in full to Plaintiff's proposed costs and have objected in part to Plaintiff's proposed attorney's fees. Plaintiff has requested that this Motion be decided without oral argument and Defendants have not objected. I am therefore deciding the Motion on the briefs filed by both parties. For the reasons stated herein, Plaintiff's Motion will be **GRANTED** in part and **DENIED** in part. Defendants are ordered to pay Plaintiff $322.90 in costs and $7,500.00 in attorney's fees.

I.    FACTUAL BACKGROUND

For the purposes of Plaintiff's Motion, the facts of this case are essentially not in dispute and will only be briefly recited. Plaintiff filed suit against Defendants on October 25, 2004 for damages that arose from Plaintiff's purchase of a used car from Defendants. The case was originally scheduled for trial by jury on August 22, 2005 but this Court granted Plaintiff's motion to continue the trial and also granted Plaintiff's motion for mediation. The mediation

proved fruitless and the case was ultimately tried on February 21-22, 2006. This Court granted Plaintiff's motion for judgment as a matter of law with respect to Count IV of the Complaint and granted Defendant's motion for judgment as a matter of law with respect to Count I of the Complaint. The remaining two counts of common law fraud and consumer fraud under the Virginia Consumer Protection Act (VCPA) Va. Code § 59.1-196, *et seq.* were submitted to the jury. The jury found Defendants had committed a willful violation of consumer fraud under the VCPA and also found that Defendants had committed actual fraud. Judgment was entered in Plaintiff's favor in the amount of $5,908.50. This Court subsequently denied Defendants' new trial and renewed judgment as a matter of law motions on April 21, 2006. Defendants filed an appeal to the Fourth Circuit on May 18, 2006 but voluntarily dismissed that appeal on July 17, 2006. Plaintiff filed the instant motion on May 8, 2006, Defendants filed their opposing brief on July 7, 2006, and Plaintiff filed her Reply on August 1, 2006. As noted above, Plaintiff has stated that oral argument is unnecessary to the resolution of this motion and Defendants have not objected, therefore this motion will be decided on the briefs.

## II. LEGAL STANDARD

### A. *Taxation of Costs*

Under Rule 54 of the Federal Rules of Civil Procedure, costs other than attorney's fees "shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1). Though the plain language of this rule grants this Court broad discretionary power to allow or disallow costs, it does not bestow unlimited discretion to "tax costs to reimburse the litigant for every expense he has seen fit to incur in the conduct of his case." *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 235 (1964). Instead, the moving party must show

that the costs for which it seeks reimbursement fit within one of the enumerated categories of litigation expenses listed in 28 U.S.C. § 1920. This statute serves as a prerequisite to the Court's Rule 54(d) discretionary authority to tax costs. *West Virginia Univ. Hosps., Inc. v. Casey*, 499 U.S. 83, 86 (1991). In other words, § 1920 "enumerates expenses that a federal court may tax" and Rule 54(d) "grants a federal court discretion to refuse to tax costs" which § 1920 would have otherwise permitted. *Crawford Fitting Co. v. J.T. Gibbons, Inc.* 482 U.S. 437, 442 (1987). On the other hand, if a cost that a prevailing party attempts to tax is not specifically enumerated in § 1920, this Court has no authority to tax that cost to the opposing party. *Id*. *See also*, *Cofield v. Crumpler*, 179 F.R.D. 510 (E.D.Va. 1998).

As it relates to Plaintiff's Motion, two subsections of § 1920 authorize this Court to tax the following of the prevailing party's litigation costs to an opposing party who properly files a Bill of Costs:

(1) fees of the clerk and marshal; and
(4) fees for exemplification and copies of papers necessarily obtained for use in the case.

Each of these subsections shall be discussed in Part III-A, *infra*.

**B.** *Attorney's Fees*

The general rule in American courts is that each party must bear his own attorney's fees. *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 247 (1975). An exception to this general rule is when a statute provides for "awarding fees to a prevailing party." *Key Tronic Corp. v. U.S.*, 511 U.S. 809, 819 (1994). In this case, two counts in Plaintiff's Complaint were brought pursuant to statutes with such fee shifting provisions. Count I sought relief under § 32705 of the Federal Motor Vehicle Information Act, 49 U.S.C. § 32702, *et seq*. and Count II sought relief under the VCPA. As noted above, however, only Count II was submitted to the

3

jury.

Section 59.1-204(B) of the VCPA states that "in addition to any damages awarded, such persons also may be awarded reasonable attorney's fees and court costs." The Virginia Supreme Court has stated that the "fee shifting provisions of the VCPA are designed to encourage private enforcement of the provisions of the statute." *Wilkins v. Peninsula Motor Cars, Inc*., 266 Va. 558, 563 (2003). However, while the ability to recover attorney's fees under the VCPA is authorized by statute, the "reasonable" amount recoverable is left to the discretion of the fact-finder which, in this case and by agreement of the parties, is this Court. The Virginia Supreme Court has provided a non-exhaustive list of factors to consider in determining what constitutes a reasonable attorney's fee. These factors are:

> (1) The time and effort expended by the attorney;
> (2) The nature of the services rendered;
> (3) The complexity of the services;
> (4) The value of the services to the client;
> (5) The results obtained;
> (6) Whether the fees incurred were consistent with those generally charged for similar services; and
> (7) Whether the services were necessary and appropriate.

*Schlegel v. Bank of America, N.A.*, 271 Va. 542, 556 (2006) (citing *Chawla v. Burgerbusters*, 255 Va. 616, 623 (1998)). These factors, as applied to the facts of the instant case, will be discussed in Part III-B, *infra*.

## III. ANALYSIS

### A. TAXATION OF COSTS

4

### 1. *Fees of the Clerk and Marshal - 28 U.S.C. § 1920(1)*

In her Bill of Costs, Plaintiff has moved to tax $200.00 to Defendants for fees of the clerk and marshal. Of this total, $50.00 represents the sum paid by Plaintiff to Jerry Cheney to serve process on Defendants. The remaining $150.00 is the standard filing fee paid to the clerk. I find that only the $150.00 filing fee can be properly taxed in accordance with § 1920(1).

The question of whether, and to what extent, costs paid to a private process server may be properly taxed to the opposing party has not been answered by the Fourth Circuit. Making matters even more confusing is the fact that courts within the Western District of Virginia have reached different conclusions to the question. *Compare, Ford v. G.E. Lighting, LLC*, 2005 WL 1785130 (W.D. Va. July 22, 2005); *Adkins v. Crown Auto, Inc.*, 2005 WL 2563028 (W.D. Va. Oct. 11, 2005) (denying the prevailing party's motion) with *Hairston Motor Co. v. Northland Ins. Co.*, 1994 WL 874390 (W.D. Va. Sept. 23, 1994); *Tunnell v. Ford Motor Co.*, 2005 WL 3050316 (W.D. Va. Nov. 10, 2005); and *Southprint Inc., v. H3 Inc.*, 2005 WL 3177627 (W.D. Va. Nov. 23, 2005) (granting the prevailing party's motion). The courts in the Eastern District of Virginia appear to be in agreement that fees paid to private process servers are not taxable under § 1920(1). *See*, e.g., *Goldstein v. Costco Wholesale Corp.*, 2004 U.S. Dist. LEXIS 22041 (E.D. Va. June 14, 2004); *Cofield v. Crumpler*, 179 F.R.D. 510; *D&B Countryside LLC v. Newell* (In re *D&B Countryside, LLC),* 217 B.R. 72 (Bankr. E.D. Va. 1998).

I am persuaded by the thorough and persuasive analysis of *Cofield* and *Newell* that the plain language of § 1920(1) only applies to fees paid to the clerk and marshal. Because the language of § 1920(1) is clear and unambiguous on its face, I am loath to read anything additional into the statute. Any expansion of this statute must come from Congress rather than

5

the courts.[1]  Therefore, I will **DENY** Plaintiff's motion to tax $50.00 in private process server fees to Defendants.

In contrast to the private process server fees, the $150.00 filing fee with the clerk of court is certainly within the scope of § 1920(1) and will be awarded.  It should also be noted that Defendants do not dispute that they are required to pay Plaintiff's court costs. (Memorandum of Law in Opposition to Plaintiff's Motion for Litigation Costs at unnumbered page 7).  While what constitutes court costs may or may not include payments made to a private process server in Virginia state courts, federal courts are bound by § 1920 and Rule 54.  For the reasons stated above, I read these directives to exclude payments made to private process servers.  Therefore, even though Defendants do not necessarily object to paying Plaintiff's private process server fees, the only court costs that this Court has the power to tax to Defendants is the $150.00 filing fee.

### 2.    *Exemplification and Copies of Papers - 28 U.S.C. § 1920(4)*

Copying costs may be taxed by the prevailing party only if the copies were "necessarily obtained for use in the case." § 1920(4).  In this case, Plaintiff has attempted to tax two different types of copying costs: photocopies and a certified title history from the Virginia Department of Motor Vehicles (DMV report).  Defendants do not dispute that these costs were necessarily obtained for use in Plaintiff's case.  Instead, Defendants make the bold assertion that these costs

---

[1]It must be noted that in the cases of *Adkins v. Crown Auto, Inc.*, 2005 WL 2563028 and *Hairston Motor Co. v. Northland Ins. Co*. I have taken alternative stances on the issue of private process server fees.  To the extent that the *Hairston* case holds private process server fees recoverable, I must disavow it.  That case was decided before *Coburn* and *Newell* and I am persuaded that the conclusion reached in those cases would be the one the Fourth Circuit would adopt.

6

cannot be taxed by Plaintiff because the VCPA specifically limits the amount recoverable by Plaintiff to attorney's fees and court costs. Va. Code § 59.1-204(B). By contrast, Defendants argue that litigation costs, such as the photocopies and DMV report, are not recoverable under the VCPA. While this argument may withstand scrutiny in state court, it has no application in federal court. As stated above, Rule 54(d)(1) clearly states that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." For this reason, I must reject Defendants' argument. The only remaining question to be decided is whether these copying costs were necessarily obtained by Plaintiff.

In her Bill of Costs, Plaintiff assigned $161.00 to the DMV report. As I have previously held, "such reports should be treated as copying costs." *Adkins v. Crown Auto, Inc.*, 2005 WL 2563028 at *4. *Accord*, *Federal Sav. & Loan Ins. Co. v. Szarabajka*, 330 F. Supp.1202, 1209 (N.D. Ill. 1971); *American Steel Works v. Hundley Const. Co.*, 46 F.R.D. 465, 471 (D. Minn. 1969). In this case, the DMV report is a necessarily obtained copying expense. The entire case revolved around the true mileage of the used car that Plaintiff purchased from Defendants. Obtaining a copy of the official document that chronicled the car's history was clearly necessary to Plaintiff's case. For this reason, I will **GRANT** Plaintiff's motion to tax this expense.

Plaintiff's other § 1920(4) cost is for photocopying expenses. According to the Bill of Costs, Plaintiff copied 119 pages. Strangely, Plaintiff taxed 22 of these pages at $.35 cents per page and taxed the remainder at $.10 per page. This Court recently held in *Adkins* that $.10 per page is a "reasonable charge" for photocopying fees. *Adkins v. Crown Auto, Inc.*, 2005 WL 2563028 at *6. Because Defendants have raised no specific objection to the necessity of these costs and this Court can find none, the entire 119 pages will be taxed at $.10 per page for a total

7

of $11.90. I will **GRANT** Plaintiff's motion to tax this amount.

        **3.**    *Other Costs*

The remaining expense included in Plaintiff's Bill of Costs is $1.48 in postage expenses. Courts in the Western District have uniformly refused to tax such costs under § 1920 and Rule 54(d)(1). The rationale is that postage is an "administrative cost incurred by the attorneys, rather than a cost specifically arising out of the substantive preparation, as is the case with reporter's or marshal's fees." *Scallet v. Rosenblum*, 176 F.R.D. 522, 527 (W.D. Va. 1997). *See also*, *Southprint Inc., v. H3 Inc.*, 2005 WL 3177627 at *3. I will therefore **DENY** Plaintiff's attempt to tax $1.48 in postage costs to Defendants.

        **4.**    *Conclusion*

In total, I will **GRANT** in part and **DENY** in part Plaintiff's taxation of costs motion. Defendants will be **ORDERED** to pay $322.90 in costs to Plaintiff.

    **B.**    **ATTORNEY'S FEES**

In this case, Plaintiff has sought reimbursement for 65.5 hours of attorney's fees at an hourly rate of $225.00 for a lodestar total of $14,737.50. Defendants do not contest the fact that they are required to pay attorney's fees, rather, they argue that the amount sought by Plaintiff is unreasonable because it exceeds the amount awarded by the jury. Defendants propose a reasonable attorney's fee of $1447.12 which is equivalent to 25% of the amount awarded by the jury. I disagree with both Plaintiff and Defendants and find a reasonable attorney's fee in this case to be $7,500.00**.**

Before analyzing the reasonableness factors laid out by the Virginia Supreme Court, I

will address Defendants' calculation.  Defendants appear to argue that attorney's fees should be awarded based on the amount of damages found by the jury.  This argument is without merit.  First, § 59.1-204 neither specifically sets attorney's fees in proportion to the amount of damages awarded nor caps the total amount of attorney's fees that can be recovered.  Second, the Virginia Supreme Court has rejected Defendants' argument simply by setting forth the reasonableness factors.  The amount of damages Plaintiff recovered is certainly a consideration to be weighed in many of these factors, but it is by no means the sole or determinative factor in calculating a reasonable attorney's fee.  Having rejected Defendants' method of determining reasonableness, I will now turn to an evaluation of the seven reasonableness factors listed in Part II-B, *supra*.

### 1. *Time and Effort Expended by the Attorney*

Plaintiff's attorney's time and effort for which he seeks reimbursement amounts to 65.5 hours.  Of this, 11.2 hours was spent on work related to meeting with Plaintiff, drafting the Complaint, and other pre-trial work.  A second amount of time totaling 32.7 hours accounts for trial preparation in the days leading up to trial and the two day trial itself.  Lastly, 21.6 hours was spent performing various post-trial tasks such as researching and drafting briefs in support of the instant motion and in opposition to Defendants' new trial and renewed judgment as a matter of law motions.  All of these hours appear to have been contemporaneously documented and entered by a computerized billing system which documents them in tenths of an hour increments.  The entries themselves sufficiently detail the effort that was expended.  In short, there is no evidence to dispute the documentary basis for the hours claimed by Plaintiff's attorney, however, proper documentation is by no means sufficient to determine the reasonableness of the hours claimed.

9

### 2. *The Nature of the Services Rendered*

The services rendered to Plaintiff appear to be basic litigation efforts which arose out of Plaintiff's dispute with Defendants over a used car purchase. Plaintiff's attorney has represented Plaintiff at every stage of the litigation and performed the two-day jury trial without co-counsel.

### 3. *The Complexity of the Services*

As Plaintiff has conceded, "the case was relatively simple" but was made more complex by Defendants' allegedly spurious claims and unnecessarily long witness list (Plaintiff's Brief in Support of Litigation Costs, at 8). These complaints by Plaintiff, even if valid, have minimal bearing on the ultimate question of complexity. What a plaintiff may consider a spurious claim, a defendant typically considers a valid defense. Though the jury ultimately resolved this dispute in Plaintiff's favor, it does not follow that Defendants' claims were completely without merit. Similarly, though Defendants' witness list may appear unnecessarily long in retrospect simply because not all of the witnesses testified, it is not logical to assume that it was too long at the time it was created and Plaintiff has offered no evidence in support of this complaint. At bottom, as Plaintiff concedes, the factual issues and points of law that this case presented were clear, straightforward, and did not justify any extraordinary use of time by Plaintiff's attorney.

### 4. *The Value of the Services to the Client*; and
### 5. *The Result Obtained*

Because the ultimate value of the services that the client receives from her attorney is typically directly related to the result obtained, I will discuss both of these factors in tandem. From a monetary standpoint, the value of Plaintiff's attorney's services to Plaintiff was

10

$5,908.50 which represents the treble damages that the jury awarded her for Defendants' willful violation of the VCPA.[2] From a legal standpoint, Plaintiff prevailed on the VCPA, actual fraud, and failure to refund claims. Defendants prevailed on Plaintiff's claim under the Federal Motor Vehicle Information Act. There can thus be little doubt that Plaintiff's attorney performed valuable services that resulted in favorable results to Plaintiff.

Also of note for these two factors, of the three claims on which she prevailed, only the VCPA claim entitles her to attorney's fees. In other words, in the absence of the VCPA claim, this case would have proceeded upon the exact same underlying facts for Plaintiff to prove actual fraud and failure to refund and Plaintiff's attorney would not be entitled to recover his fees.

### 6. *Whether the Fees Charged Were Consistent With Those Charged for Similar Services*

Plaintiff's attorney has submitted a proposed hourly fee of $225. This Court has determined that this is a reasonable hourly fee for cases with similar factual and legal circumstances. *See*, *e.g.*, *Moser v. Dominion Auto Center*, 04-00092 (W.D. Va. filed Aug. 26, 2005) (analyzing the recent history of attorney's fees in similar cases in the Western District of Virginia). Moreover, Defendants have not objected with the hourly rate itself. Therefore, the hourly rate submitted by Plaintiff is reasonable.

### 7. *Whether the Services Were Necessary and Appropriate*

A careful examination of the above six factors leaves me with little doubt that the

---

[2]The jury also awarded Plaintiff $1969.50 in damages for Defendants' actual fraud but the parties agree that Plaintiff is not entitled to this money because it was already included in the VCPA claim.

11

services rendered to Plaintiff by her attorney were directly connected to the success of her overall case. However, I am not convinced that all of the actions performed by Plaintiff's attorney were necessary to her case as it applies to this motion. As Plaintiff's attorney has observed, he represents "half of the available attorneys for such a claim from Danville to Charlottesville to Richmond." (Plaintiff's Brief in Support of Litigation Costs, at 8-9). Plaintiff's attorney's well-acknowledged expertise in this area of law is clear and not in dispute, however, this expertise belies the numerous hours spent researching and reviewing the legal issues involved in a case that even Plaintiff's attorney described as "simple."

In addition to this, I reject Plaintiff's reliance on *Hensley v. Eckerhart*, 461 U.S. 424 (1983). In that case, the Supreme Court held that when a party brings multiple claims that are factually intertwined, the statutorily-authorized attorney's fee should not be reduced simply because the party prevailed on some claims and lost on others. *Id*., at 435. In this case, by contrast, Plaintiff's two factually intertwined claims were the VCPA claim and actual fraud claim. Plaintiff prevailed on both of these claims. The distinguishing issue between these cases, then, is that only one of Plaintiff's claims that was ultimately submitted to the fact-finder contained a guarantee of attorney's fees. By contrast, all of the claims initially brought by the *Hensley* plaintiffs guaranteed attorney's fees even though the plaintiffs only prevailed on some of them. Evaluated in this light, the factual situation of *Hensley* and its progeny is simply not analogous -and therefore not helpful - to resolve the present matter.

In this case, Plaintiff fully recovered on both her VCPA and actual fraud claims, yet her only avenue to attorney's fees was through the VCPA claim. Both claims involved the same set of facts and Defendants filed motions contesting the validity of both claims after trial. Taking

12

this overlap in resources into account as well as the somewhat excessive time spent researching and reviewing the laws that governed the case, I find that, for purposes of this motion, Plaintiff's counsel's services were not fully necessary and appropriate to justify the amount claimed.

### 8. *Summary of the Factors*

Taking all of the factors into account, I find in my discretion that a reasonable fee of $7,500.00 should be awarded to Plaintiff's attorney.

## V. CONCLUSION

For the reasons stated above, Plaintiff's Motion for Attorney's Fees and Taxation of Costs will be **GRANTED** in part and **DENIED** in part. Defendants are **ORDERED** to pay $322.90 in costs and $7,500.00 in attorney's fees to Plaintiff.

The Clerk is directed to send a certified copy of this Memorandum Opinion and the attached Order to all counsel of record. The Clerk is further directed to strike this case from the active docket of this Court.

ENTERED this 22nd day of August, 2006.

s/Jackson L. Kiser
Senior United States District Judge